| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Case No. 1:23-cr-109-JL-TSM-01 |
| v. | ) |
| LASAUNDRA SIMMONS | ) |

## INDICTMENT

The Grand Jury charges:

### BACKGROUND

At all times relevant to this indictment:

1. Company 1 ("Company 1") was a funeral home based in Nashua, New Hampshire. Company 1 held business checking account at TD Bank.

2. The defendant, LASAUNDRA SIMMONS, was a resident of New Hampshire and was employed by Company 1 as a bookkeeper working in Nashua, NH. Among her responsibilities, SIMMONS handled preparing checks to pay Company 1's assorted bills out of the business checking account at TD Bank, which would then be signed by one of Company 1's authorized signatories. SIMMONS maintained personal bank accounts at Bank of America.

3. On more than a hundred occasions, SIMMONS embezzled funds from Company 1 by either (1) making unauthorized wire transfers of funds from Company 1's TD Bank account to her personal Bank of America account or (2) drafting unauthorized checks to be drawn on Company 1's TD Bank account which she deposited by electronic wire transfer into her personal Bank of America account. SIMMONS made these transfers, totaling over $500,000, for her own personal benefit and not for the benefit of Company 1 and did not serve any business purpose.

RECEIVED

US MARSHALS SERVICE

## COUNTS ONE THROUGH TEN
### Wire Fraud
### 18 U.S.C. § 1343

4. Paragraphs 1 through 3 of this Indictment are re-alleged.

5. Between an unknown date but starting no later than on or about June 30, 2015, and continuing until an unknown date not before on or about January 4, 2023, in the District of New Hampshire and elsewhere, the defendant,

### LASAUNDRA SIMMONS,

knowingly and willfully devised a scheme and artifice to defraud and for obtaining money and property from Company 1 by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and attempting to do so, caused writings, signs, signals, and pictures to be transmitted by means of wire communication in interstate commerce. SIMMONS caused the following unauthorized wire transfers, among others, to be sent in interstate commerce to transfer Company 1's funds to herself to be converted to her use and not for the benefit of the company:

| COUNT NO. | APPROXIMATE DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 1 | Dec. 20, 2016 | Mobile deposit of check in the amount of $1,950 for "Christmas 2016 Bonus" |
| 2 | July 6, 2017 | Mobile deposit of check in the amount of $7,500 for "2017 Q1 Profit Sharing" |
| 3 | Aug. 7, 2018 | ACH wire in the amount of $5,700 |
| 4 | June 5, 2019 | ACH wire in the amount of $4,975 |
| 5 | June 11, 2019 | ACH wire in the amount of $4,997 |
| 6 | Jan 7, 2020 | Mobile deposit of check in the amount of $4,575 for "2nd Semester Reimbursement" |

| 7  | July 7, 2020  | Mobile deposit of check in the amount of $4,975 for "June 2020 Consulting" |
| 8  | Dec. 28, 2021 | Mobile deposit of check in the amount of $4,971 for "Nov '21 Commissions" |
| 9  | June 21, 2022 | Mobile deposit of check in the amount of $4,172 for "Funeral Director Credits" |
| 10 | Dec. 22, 2022 | Mobile deposit of check in the amount of $4,521 for "MA, CT, NY – Nov 2022 Expenses" |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. 2461, and upon conviction of the offenses alleged in Counts 1 -10 of this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

Dated: December 6, 2023

/s/ Foreperson
FOREPERSON

JANE E. YOUNG
UNITED STATES ATTORNEY

/s/ Charles L. Rombeau
By: Charles L. Rombeau
Assistant U.S. Attorney

4